## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOWERY WILKINSON LOWERY, LLC, an Oklahoma Limited Liability Company, by and through principal owners, Margaret J. Lowery & Ronald D. Wilkinson,<br><br>*Plaintiffs*,<br><br>v.<br><br>STATE OF ILLINOIS d/b/a ILLINOIS SUPREME COURT d/b/a ATTORNEY REGISTRATION & DISCIPLINARY SYSTEM, et.al.,<br><br>*Defendant*. | Case No. 25-cv-22-RAW |

## ORDER

Before the court are Plaintiffs' three Motions for TRO, Motion for Writ of Mandamus and Request to Certify the Question [Docket Nos. 11, 17, 43, 45, 47].

Plaintiffs' allegations are somewhat scattershot in nature and unclear; however, the court believes Plaintiff Lowery is presently subject to disciplinary proceedings in the State of Illinois and is required to file a brief in those proceedings by March 14, 2025. Somewhere along the way, Plaintiffs claim there is "Universal Agreement" for a joint stay of proceedings, apparently meaning that Plaintiffs will presently forgo a TRO in exchange for a delay in their filing the subject brief in the Illinois proceedings.

### LEGAL STANDARD

Federal Rule of Civil Procedure 65(a)(1) authorizes the count to grant a preliminary injunction, and the party seeking a preliminary injunction must establish: (1) it is likely to suffer

irreparable harm in the absence of preliminary relief; (2) it is likely to succeed on the merits; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The first element, a showing of likely irreparable harm, "is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). As a consequence, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id*.

The "preliminary injunction is an extraordinary remedy." *Free the Nipple-Fort Collins v. City of Fort Collins, Colorado*, 916 F.3d 792, 797 (10th Cir. 2019). It should only be granted when "the right to relief [is] clear and unequivocal." *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1258 (10th Cir. 2005); *see also United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–889 (10th Cir. 1989) ("Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established.").

Plaintiffs' request for a TRO has already been rejected in the Northern District of Oklahoma by Judge Hill, 24-CV-204-SEH. Thus, additional in-depth analysis is not needed here. Substantial questions exist regarding jurisdiction and abstention. Defendants should be allowed to brief these issues. Plaintiffs make no showing of irreparable harm, and indeed do not really even try to explain it. In the third motion for TRO Plaintiffs request relief in filing documents in the Illinois proceeding, which they claim are being blocked; however, they admit that the pleadings can be sent by Fed Ex [Docket No. 47, P. 3]. In any event, the court can

2

divine no immediate, irreparable harm enuring to Plaintiff Lowery. Further, Plaintiffs have not shown the unavailability of an adequate remedy for any writ to issue.[1]

The motions for TRO and Petition for Writ of Mandamus are DENIED. The court declines to certify the question.

SO ORDERED THIS 13th day of March, 2025.

*(signature)*

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[1] *In re Office of the Utah Attorney General,* 56 F.4th 1254 (10th Cir. 2022).