IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOWERY WILKINSON LOWERY, LLC., *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | No. 6:25 CV 00022-RAW |
| v. | ) ) ) | Honorable Ronald A. White |
| STATE OF ILLINOIS, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANT STATE OF ILLINOIS' MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 2

ARGUMENT .................................................................................................................. 5

I.    PLAINTIFFS FAILED TO PROPERLY SERVE PROCESS ON THE STATE OF
ILLINOIS. ...................................................................................................................... 5

II.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE STATE OF
ILLINOIS. ...................................................................................................................... 8

III.    PLAINTIFFS' CLAIMS AGAINST THE STATE OF ILLINOIS ARE BARRED BY
THE ELEVENTH AMENDMENT. ............................................................................... 9

V.    PLAINTIFFS' CLAIMS ARE BARRED BY THE *YOUNGER* ABSTENTION
DOCTRINE. ................................................................................................................. 11

VI.    PLAINTIFF LOWERY WILKINSON LOWERY LLC LACKS ARTICLE III
STANDING. ................................................................................................................. 13

VII.    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED ................................................................................................................... 13

    A.    Plaintiffs' Section 1983 claims fail because the State of Illinois is not a "person" under
Section 1983. .............................................................................................................. 14

    B.    Plaintiffs fail to allege any facts regarding the State of Illinois. ................................. 14

    C.    Plaintiffs cannot circumvent the judicial immunity doctrine by suing the State of
Illinois.......................................................................................................................... 15

    B.    Plaintiffs' Due Process claims fail. .............................................................................. 16

    C.    Plaintiffs' claims under 18 U.S.C. §§ 241, 875, 1001, 1091, 1503, 1513, and 2261A
fail because these are criminal statutes that do not provide a private cause of action. .......... 19

VIII.    THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER
PLAINTIFFS' STATE-LAW CLAIMS. ...................................................................... 20

CONCLUSION............................................................................................................. 20

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Knowlton*, 2022 U.S. Dist. LEXIS 204496 (D. Kan. Nov. 9, 2022)............................ 6, 14

*Andrews v. Heaton*, 483 F.3d 1070 (10th Cir. Apr. 23, 2007)..................................................... 19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................................... 5, 14

*Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007) ............................................................................ 19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................... 5, 14

*Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018)................................................ 12

*Dayan-Varnum v. Dayan*, No. 23-CV-00052-SEH, 2024 U.S. Dist. LEXIS 178414, 2024 WL 4370572 (N.D. Okla. Oct. 1, 2024) .......................................................................................... 8

*Ellijah Sam v. Bancfirst*, No. CIV-23-601-R, 2023 U.S. Dist. LEXIS 133004, 2023 WL 4921525 (W.D. Okla. Aug. 1, 2023)..................................................................................................... 20

*Exxon Mobil Corp.,* 544 U.S. 280 (2005) ...................................................................................... 11

*Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170 (10th Cir. 1992) ......................... 5

*Flagship Lake County Dev. No. 5 v. City of Mascotte*, 559 Fed. Appx. 811 (11th Cir. March 13, 2014).................................................................................................................................... 17

*Gilbert v. Homar*, 520 U.S. 924 (1997) ........................................................................................ 17

*Greening v. Moran*, 953 F.2d 301 (7th Cir. 1992)....................................................................... 15

*Grossgold v. Supreme Court of Illinois,* 557 F.2d 122 (7th Cir. 1977) ....................................... 15

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) .............................. 8, 9

*Holt v. United States*, 46 F.3d 1000 (10th Cir. 1995) ..................................................................... 4

*J.B. v. Woodard*, 997 F.3d 714 (7th Cir. 2021)............................................................................. 12

*Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140 (7th Cir. 1999)............................................................ 11

*Kaczorowski v. SimplexGrinnell LP*, No. 1:16-CV-2967-MHC-LTW, 2017 U.S. Dist. LEXIS 224210 (N.D. Ga. Aug. 29, 2017) ........................................................................................... 7

*Khor Chin Lim v. Khoo*, No. 11-C-0875, 2012 U.S. Dist. LEXIS 95019, 2012 WL 2838398 (E.D. Wis. July 10, 2012)................................................................................................................. 7

*Klein v. Shepherd,* No. 21-4064, 2023 U.S. App. LEXIS 17905, 2023 WL 4542160 (10th Cir. 2023)...................................................................................................................................... 3

*Koch v. City of Del City*, 660 F.3d 1228 (10th Cir. 2011) ............................................................ 20

*Kovats v. State of Mich.*, No. 1:06-cv-755, 2008 U.S. Dist. LEXIS 39897, 2008 WL 2095423 (W.D. Mich. May 16, 2008) ................................................................................................. 16

*Kush v. Gates*, No. 2:23-cv-00457, 2023 U.S. Dist. LEXIS 190288, 2023 WL 6964079 (D. Utah Sept. 22, 2023).................................................................................................................... 20

*Lindsey v. Hyler*, 918 F.3d 1109 (10th Cir. 2019) ....................................................................... 18

*Lopez v. COMPA Indus.*, No. CIV 23-0303 JB/LF, 2024 U.S. Dist. LEXIS 45531, 2024 WL 1112065 (D.N.M. Mar. 14, 2024)........................................................................................ 20

*Lovelace v. Sewell*, Case No. 2:23-cv-00535, 2024 U.S. Dist. LEXIS 62284 (D. Utah, Jan. 23, 2024)...................................................................................................................................... 6

*Lowery v. Miller*, 2024 U.S. Dist. LEXIS 118282, No. 24-CV-204-SEH-JFJ, 2024 WL 3221716 (N.D. Okla. May 15, 2024).................................................................................................. 3, 9

*Lowery v. Miller, et al.*, No. 4:24 cv 204 (N.D. Okla.)............................................................... 2, 15

*Lowery v. Utah*, 315 Fed. Appx. 45 (10th Cir. 2008).................................................................... 15

*Madden v. Town of New Haven*, 2007 U.S. Dist. LEXIS 85226 (D. Vt. Nov. 19, 2007)............... 6

*Matthews*, 424 U.S. 319 (1976) ............................................................................................. 16, 17

*Melea, Ltd. v. Jawer Sa*, 511 F.3d 1060 (10th Cir. 2007).............................................................. 5

iii

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) .............. 12

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266 (6th Cir. 1990) ........................... 10

*Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598 (10th Cir. 2012)....................... 8

*Morrow v. Winslow*, 94 F.3d 1386 (10th Cir. 1996)........................................................................ 12

*Mounkes v. Conklin*, 922 F.Supp. 1501 (D. Kan. 1996) ................................................................ 10

*Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282 (M.D. Tenn. 2020) ........................... 6

*Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986) ...................... 12

*Okla. Radio Assocs. v. FDIC*, 969 F.2d 940 (10th Cir. 1992) ........................................................ 5

*Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895 (10th Cir. 2017). .................... 8

*Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987) ...................................................... 5

*Onyx Props., LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039 (10th Cir. 2016) ............................ 18

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ................................................. 9

*Phiffer v. Oregon*, No. CV-10-1120-SU, 2011 U.S. Dist. LEXIS 153350, 2011 WL 7396602 (D. Ore. Nov. 21, 2011 ...................................................................................................................... 16

*Port City Props. v. Union Pac. R.R.*, 518 F.3d 1186 (10th Cir. 2008) ......................................... 10

*Proctor v. Oklahoma*, No. CIV-23-602-G, 2024 U.S. Dist. LEXIS 152873, 2024 WL 3934207 (W.D. Okla. Aug. 2, 2024) .......................................................................................................... 14

*Rock v. BAE Sys.*, 556 Fed. Appx. 869 (11th Cir. 2014) ............................................................. 20

*Ronald D. Wilkinson v. Peter Rotskoff, et al.*, No. 24 cv 314 (N.D.Okla.)..................................... 3

*Salem v. Larkin*, 642 F. Supp. 3d 763 (N.D. Ill. Nov. 23, 2022); ............................................... 17

*See In re Renfro*, No. CIV-23-336-JFH-GLJ, 2024 U.S. Dist. LEXIS 167445, 2024 WL 4205610 (E.D. Okla. Aug. 28, 2024)........................................................................................................ 10

*Sellouk v. USSA*, No. 91 CV 1663, 1992 U.S. Dist. LEXIS 18225, 1992 WL 368065 (E.D. N.Y. Nov. 12, 1992) ........................................................................................................................... 15

*Smith v. Albany Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 121 F.4th 1374 (10th Cir. 2024).................. 13

*Smith v. Rest. Depot*, No. 24-3056, 2024 U.S. App. LEXIS 23798, 2024 WL 4235067 (10th Cir. Sept. 19, 2024)............................................................................................................................ 12

*Sprint Comm. Inc. v. Jacobs*, 571 U.S. 69 (2013)......................................................................... 12

*St. Fleur v. City of New York*, No. 99 Civ. 10433 (WHP) (AJP), 2000 U.S. Dist. LEXIS 8814, 2000 WL 280328 (S.D. N.Y. Mar. 14, 2000).............................................................................. 16

*Stein v. Legal Adver. Comm. of the Disciplinary Bd.*, 122 Fed. Appx. 954 (10th Cir. 2004) ...... 12

*Tal v. Hogan*, 453 F.3d 1244 (10th Cir. 2006) ............................................................................. 11

*Van Ornum v. AMA*, No. 2:14-cv-921-RJS-EJF, 2016 U.S. Dist. LEXIS 44805 (D. Utah Jan. 29, 2016)............................................................................................................................................. 7

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)............................................................... 10

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ............................................................... 14

*Wolfgram v. State Bar of Cal.*, No. C-94-3064 CAL, 1994 U.S. Dist. LEXIS 18683, 1994 WL 721465 (N.D. Cal. Dec. 8, 1994)................................................................................................. 15

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).................................................. 8

*Younger v. Harris*, 401 U.S. 37 (1971)........................................................................................ 11

*Ziankovich v. Members of the Colo. Supreme Court*, No. 20-1314, 2021 U.S. App. LEXIS 23680, 2021 WL 4047000 (10th Cir. 2021) ............................................................................... 11

## Statutes

12 O.S. § 2004(F),............................................................................................................................ 9

12 O.S. § 1432(A) ............................................................................................................................ 4

18 U.S.C. § 1001 ............................................................................................................................ 24

iv

18 U.S.C. § 1030 ................................................................................................................ 24
18 U.S.C. § 1091 ................................................................................................................ 24
18 U.S.C. § 1503 ................................................................................................................ 24
18 U.S.C. § 1513 ................................................................................................................ 24
18 U.S.C. § 2261A .............................................................................................................. 24
18 U.S.C. § 875 .................................................................................................................. 24
18 U.S.C. §241 ................................................................................................................... 24
42 U.S.C. § 2000d ................................................................................................................ 9
745 ILCS 5/1 ....................................................................................................................... 7

**Rules**

Fed. R. Civ. P. 4(c)(1) ......................................................................................................... 6
Fed. R. Civ. P. 4(j)(2)(B) ..................................................................................................... 6
Fed. R. Civ. P. 4(l)(1) .......................................................................................................... 6
Fed. R. Evid. 201 ................................................................................................................. 3

## **INTRODUCTION**

The Complaint contains a haphazard narrative of Plaintiffs' grievances about Illinois attorney disciplinary proceedings. In their 111-page, 555-paragraph Complaint, Plaintiffs chronicle alleged misdeeds by the "State of Illinois d/b/a Illinois Supreme Court d/b/a Attorney Regist-ration and Disciplinary System by and through their employees & volunteers Joy Cunningham, Peter Rotskoff, Rachel Miller, Jose Lopez, Martha Ferdinand, Elizabeth Delheimer, Lea Gutierrez, Jerome Larkin, & Amy Grant, the ADA Coordinator" and "St. Clair County, Illinois by and through their employee Andrew Gleeson." Plaintiffs allege that Defendants violated their civil rights under 42 U.S.C. § 1983, Titles VI and VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Rehabilitation Act, the Sherman Antitrust Act and Clayton Act, and the Health Insurance Portability and Accountability Act. In addition, Plaintiffs allege that Defendants violated various criminal statutes, including computer fraud and genocide, and committed medical malpractice per se and defamation per se.

Plaintiffs' claims against the State of Illinois should be dismissed. To start, the claims fail for at least a half-dozen threshold reasons. *First*, Plaintiffs have not properly served the State of Illinois; they merely mailed the Complaint and summons to the Illinois Attorney General's Office. *Second,* this Court lacks personal jurisdiction over the State of Illinois because the State of Illinois lacks necessary minimum contacts with Oklahoma. *Third,* the Eleventh Amendment bars Plaintiffs' claims against the State of Illinois. *Fourth*, the *Rooker-Feldman* doctrine bars Plaintiffs' claims. *Fifth*, the *Younger* abstention doctrine prevents a federal court's interference in ongoing state administrative proceedings. And *sixth*, Plaintiff Lowery Wilkinson Lowery LLC lacks

standing because it fails to allege facts regarding any injury distinct from Plaintiffs Lowery or Wilkinson.

In addition to these threshold issues, Plaintiffs' Complaint suffers from numerous other deficiencies, the most obvious of which are: (1) the State of Illinois is not a "person" subject to suit under Section 1983; (2) Plaintiffs have not alleged any facts against the State of Illinois and thus fails to meet the pleading standard; (3) Plaintiffs cannot circumvent the doctrine of absolute judicial immunity by suing the State of Illinois itself; (4) Plaintiffs' Due Process claims fail where they have not alleged that no state remedies exist; and (5) Plaintiffs have no private right of action for the various criminal statutes they claim defendants have violated.

Because Plaintiffs have not stated a viable federal claim, this Court should also relinquish jurisdiction over their state-law claims. For all of these reasons, Plaintiffs' claims against the State of Illinois fail and must be dismissed.

## **<u>BACKGROUND</u>**

This is the third lawsuit in which Oklahoma-licensed attorneys Margaret Jean Lowery and her law partner Ronald D. Wilkinson request that Oklahoma federal courts interfere with attorney disciplinary proceedings in the State of Illinois. Plaintiff Margaret Jean Lowery was suspended from the practice of law in the State of Illinois for thirty days in 2023. The Illinois Attorney Registration and Disciplinary Commission ("ARDC") has since, as of December 12, 2024, recommended to the Illinois Supreme Court that Plaintiff Lowery be disbarred from the practice of law in the State of Illinois. *See* ARDC Hearing Board Report and Recommendation No. 2023PR00060, attached to Plaintiffs' Complaint as Exhibit 2 (ECF 2-4), and attached hereto as **Exhibit A.**

In their first suit, *Lowery v. Miller, et al.*, No. 4:24 cv 204 (N.D. Okla.), Hill, J. presiding, Plaintiff Lowery, representing herself and also represented by Plaintiff Wilkinson, sought a

temporary restraining order against members of the ARDC, which the Court denied for lack of personal jurisdiction. *See Lowery I* docket, attached hereto as **Exhibit B[1]**; May 15, 2024 order denying temporary restraining order, *Lowery v. Miller*, 2024 U.S. Dist. LEXIS 118282, No. 24-CV-204-SEH-JFJ**,** 2024 WL 3221716 (N.D. Okla. May 15, 2024). Plaintiffs Wilkinson and Lowery then filed a complaint and amended complaint, initiated discovery, and engaged in motion practice. **Ex. B.**   In September 2024*, four months after filing their motion for a temporary restraining order, Plaintiffs Wilkinson and Lowery voluntarily dismissed the suit. *Lowery* I (Dkt. 122) Notice of Dismissal, attached hereto as **Exhibit C.**

On July 2, 2024, exactly three months after commencing *Lowery* I, Plaintiff Wilkinson, represented by Plaintiff Lowery, brought a second federal lawsuit against Illinois ARDC members and two Illinois judges. *Ronald D. Wilkinson v. Peter Rotskoff, et al*., No. 24 cv 314 (N.D.Okla.). *See Lowery* II docket, attached hereto as **Exhibit D.**   This case, which we will refer to as "*Lowery* II" was also pending before Judge Sara E. Hill in the Northern District of Oklahoma, after it was reassigned to Judge Hill as a "related case" to *Lowery* I. *Id.* (*Lowery* II docket). Plaintiffs Wilkinson and Lowery voluntarily dismissed *Lowery* II on September 15, 2024. *Lowery* II (Dkt. 27) Notice of Dismissal, attached hereto as **Exhibit E.**

Plaintiffs Lowery and Wilkinson are now back for a third bite at the apple. We will refer to the instant case as "*Lowery* III." Here, Plaintiffs bring claims under the Americans with Disabilities Act ("ADA") (Count I); federal retaliation under Title VII of the Civil Rights Act of

---

[1] The Court may properly take judicial notice of documents publicly filed in this and prior lawsuits. *See* Fed. R. Evid. 201; *Klein v. Shepherd,* No. 21-4064, 2023 U.S. App. LEXIS 17905, *13-14, 2023 WL 4542160 (10th Cir. 2023) ("We have made clear that a district court may take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records. Indeed, judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.") (internal quotation marks and citations removed).

1964, the Age Discrimination in Employment Act (ADEA), the ADA, and 18 U.S. Code § 1513 (Count II); the Sherman Antitrust Act and the Clayton Act (Count III); wrongful disclosure of private health information under 42 U.S.C. 1320d-6 (a)(2), (b)(2) and (b)(3) (Count IV); interstate fraud under 18 U.S.C. 1001(Count V); Fourteenth Amendment – Due Process (Count VI); Title VI of the Civil Rights Act of 1964 (Count VII); threats, intimidation, stalking and harassment under 18 U.S.C. §§ 241, 875, 1503 & 2261A (Count VIII); medical malpractice per se and genocide (Count IX); defamation per se (Count X); and one claim under Oklahoma state law, the "Oklahoma Citizens Participation [Act]" (OCPA), 12 O.S. 1432(A) (2019), which is also labeled Count X.

While the Complaint is difficult to follow, it is in essence a challenge to various decisions in Plaintiff Lowery's Illinois ARDC attorney disciplinary proceedings. Defendant State of Illinois moves to dismiss Plaintiffs' complaint for lack of proper service, lack of personal jurisdiction, lack of subject matter jurisdiction, and for failing to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6).

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may move to dismiss a case based on "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). A motion to dismiss for lack of subject matter jurisdiction may proceed as either a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint," while a factual challenge "goes beyond the allegations in the complaint and adduces evidence to contest jurisdiction." *Id.* Here, the lack of subject matter jurisdiction is clear on the face of the complaint.

Federal Rule of Civil Procedure 12(b)(2) provides that a party may move to dismiss a case based on "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  When a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff then bears the burden of proving that the court has personal jurisdiction over the defendant. *Melea, Ltd. v. Jawer Sa*, 511 F.3d 1060, 1065 (10th Cir. 2007).

Federal Rule of Civil Procedure section 12(b)(5) provides that a party may move to dismiss a case based on insufficient service of process. Fed.R.Civ.P. 12 (b)(5).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient facts that when assumed true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

## I.    PLAINTIFFS FAILED TO PROPERLY SERVE PROCESS ON THE STATE OF ILLINOIS.

The Tenth Circuit has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992); *accord Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A motion to dismiss under both Federal Rule of Civil Procedure 12(b)(5) (insufficient service of process) and 12(b)(2) (lack of personal jurisdiction) is therefore proper when a plaintiff fails to serve a defendant. Federal Rule of Civil Procedure 4 provides the requirements for valid service. The burden is on the plaintiff to establish compliance. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

Plaintiffs have failed to comply with Federal Rule of Civil Procedure 4 in the following respects: (1) they have not delivered a copy of a federal summons or of the complaint to the State

of Illinois's chief executive officer (Fed. R. Civ. P. 4(j)(2)(A)); (2) they have not filed an affidavit attesting to proof of service (Fed. R. Civ. P. 4(l)(1); Fed. R. Civ. P. 4(c)(1)); and (3) they have not served a copy of a summons and complaint on the State of Illinois in the manner prescribed by Illinois law. (Fed. R. Civ. P. 4(j)(2)(B)).

Rule 4(j) provides two methods for serving a state government. The first is to hand-deliver[2] "a copy of the summons and of the complaint to its chief executive officer," Fed. R. Civ. P. 4(j)(2)(A), which Plaintiffs have not done. The second method is to serve a copy of the summons and complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant, Fed. R. Civ. P. 4(j)(2)(B), which Plaintiffs also have not done. Here, service on the State of Illinois must comply with Illinois state law regarding service. Under Illinois law, with limited exceptions not applicable here, the "State of Illinois" cannot be made a defendant. *See* Illinois State Lawsuit Immunity Act. 745 ILCS 5/1 ("Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court.") For those limited exceptions, Illinois law provides that "Process shall be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State. In matters where the county or State is an interested party, process may be served by a special investigator appointed by the State's Attorney of the county, as defined in Section 3-9005 of the Counties Code." 735 ILCS 5/2-202(a). Here, Plaintiffs did not use a process server; rather, they simply mailed the Complaint to

---

[2] "Deliver" in Rule 4 does not mean "mail." See *Lovelace v. Sewell*, Case No. 2:23-cv-00535, 2024 U.S. Dist. LEXIS 62284, *3 (D. Utah, Jan. 23, 2024) (collecting cases); *Allen v. Knowlton*, 2022 U.S. Dist. LEXIS 204496 at *5 (D. Kan. Nov. 9, 2022) ("'Delivery' under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail."); *Nashville Cmty. Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020) (interpreting Rule 4(j)(2) and stating that "courts have generally held that 'delivery,' as a 'term of art,' requires more than service by mail."); *Madden v. Town of New Haven*, 2007 U.S. Dist. LEXIS 85226 at *4 (D. Vt. Nov. 19, 2007) ("Service by mail does not satisfy the delivered requirement of Rule 4(j).")").

the Illinois Attorney General's Office. This is not prescribed by Illinois law as a valid means of service on the State of Illinois. Moreover, Plaintiffs have not filed an affidavit attesting to proof of service as required by Fed. R. Civ. P. 4(l)(1) and (c)(1).

Further, while some federal statutes provide for nationwide service of process in some instances, most of the federal statutes invoked by Plaintiffs (Section 1983, the ADA, ADEA, Title VII, Title VI, HIPAA) do not. *See e.g. McChan v. Perry,* 229 F.3d 1164 (10th Cir. 2000) (holding that section 1983 does not provide for nationwide service of process); *Diaz-Oropeza v. Riverside Red X, Inc*., No. 11-2012-JTM, 2011 U.S. Dist. LEXIS 68681, 2011 WL 2580167, at *2 n.2 (D. Kan. June 28, 2011)(same re: the ADA); *Kaczorowski v. SimplexGrinnell LP*, No. 1:16-CV-2967-MHC-LTW, 2017 U.S. Dist. LEXIS 224210 at *16 (N.D. Ga. Aug. 29, 2017) (same re: ADEA)(collecting cases); *Smith v. Rest. Depot*, No. 24-3056, 2024 U.S. App. LEXIS 23798 at *3, 2024 WL 4235067 (10th Cir. Sept. 19, 2024) (same re: Title VII); *Khor Chin Lim v. Khoo*, No. 11-C-0875, 2012 U.S. Dist. LEXIS 95019 at *4, 2012 WL 2838398 (E.D. Wis. July 10, 2012) (same re: HIPAA); 42 U.S.C. § 2000d *et seq*. And while the Sherman Act and Clayton Act provide for nationwide service of process against corporations, these statutes do not allow nationwide service of process against individuals or states. *See Van Ornum v. AMA*, No. 2:14-cv-921-RJS-EJF, 2016 U.S. Dist. LEXIS 44805, *13, *15 (D. Utah Jan. 29, 2016).

Having thus failed to comply with Fed. R. Civ. P. 4(j)(2)(A) by not delivering a copy of the complaint and summons to the State of Illinois's chief executive officer, by not filing an affidavit attesting to proof of service as required by Fed. R. Civ. P. 4(l)(1) and(c)(1)); and by not serving a copy of a summons and complaint on the State of Illinois in the manner prescribed by Illinois law in accordance with Fed. R. Civ. P. 4(j)(2)(B)), Plaintiffs have failed to properly serve Defendant State of Illinois and their complaint should be dismissed.

7

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE STATE OF ILLINOIS.

In addition, Plaintiffs' complaint should be dismissed for lack of personal jurisdiction. Neither due process nor Oklahoma's long-arm statute permits personal jurisdiction over the State of Illinois in this matter. "Personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process." *Stevens v. Muskogee*, No. CIV-16-531-RAW, 2017 U.S. Dist. LEXIS 132353 at *5-6 (E.D. Okla. Aug. 18, 2017). "Oklahoma's long-arm statute," 12 O.S. §2004(F), "permits the exercise of any jurisdiction that is consistent with the United States Constitution. Therefore, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." *Id.,* citing *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 613 (10th Cir. 2012).

Due process prevents the exercise of personal jurisdiction over any non-resident defendant unless "there exist 'minimum contacts' between the defendant and forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291(1980). To establish personal jurisdiction, Plaintiffs must demonstrate either specific jurisdiction, when the suit arises from the defendant's contacts with the forum, or general jurisdiction, based on the defendant's "continuous and systematic" contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). "Personal jurisdiction is a question of the quality of a defendant's contacts with the forum state just as much as it is the quantity, and the Court 'may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state.'" *Dayan-Varnum v. Dayan*, No. 23-CV-00052-SEH, 2024 U.S. Dist. LEXIS 178414 at *7-8, 2024 WL 4370572 (N.D. Okla. Oct. 1, 2024), *quoting Old Republic Ins. Co. v. Continental Motors, Inc*., 877 F.3d 895, 904 (10th Cir. 2017).

Here, the complaint does not suggest that any claim asserted against the State of Illinois arose from any action taken by Illinois in Oklahoma. This omission precludes any claim of specific jurisdiction. It therefore follows that this Court may not exercise personal jurisdiction over the State of Illinois unless it has such "continuous and systemic" contacts with Oklahoma as to support a claim of general jurisdiction. *Helicopteros*, 466 U.S. at 415-16. The complaint mentions the actions of individuals submitting attorney disciplinary complaints to the Oklahoma Bar Association, and actions taken during the course of Plaintiff Lowery's Illinois attorney disciplinary proceedings. This is insufficient to establish the continuous and systematic contact required for general personal jurisdiction. Indeed, the district court in Plaintiffs' first suit (*Lowery I*) denied Plaintiffs' motion for a temporary restraining order on this very basis. *See* Lowery v. Miller, 24-CV-204-SEH-JFJ**,** 2024 U.S. Dist. LEXIS 118282, 2024 WL 3221716 (N.D. Okla. May 15, 2024).

> Plaintiff does not provide any information about the defendants' residence, citizenship, or other continuous ties to Oklahoma. The only allegations about any of the defendants' contacts with Oklahoma involve communications sent to Plaintiff and the Oklahoma Bar Association, and the impact of the Illinois attorney disciplinary proceedings on Plaintiff's Oklahoma bar license. This falls well short of the requirement that Plaintiff show continuous and systematic contacts such that the defendants could be considered "at home" in Oklahoma.

*Id.* at *8. This is true for Plaintiffs' current lawsuit, as well. Plaintiffs have set forth no factual basis on which to assert personal jurisdiction over the State of Illinois, thus all claims against it must be dismissed.

## III.    PLAINTIFFS' CLAIMS AGAINST THE STATE OF ILLINOIS ARE BARRED BY THE ELEVENTH AMENDMENT.

The Eleventh Amendment also bars Plaintiffs' claims against the State of Illinois.  Claims against states are barred by the Eleventh Amendment, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that

in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment applies with full force against both federal and state-law claims. *Pennhurst*, 465 U.S. at 120-21. Further, Plaintiff brings claims under § 1983, which only allows suits against persons, not against a sovereign state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.") Thus, all claims against the State of Illinois are barred by the Eleventh Amendment.

## IV.    PLAINTIFFS' CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss any claim over which it lacks subject matter jurisdiction. If a defendant challenges jurisdiction, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Port City Props. v. Union Pac. R.R.,* 518 F.3d 1186, 1189 (10th Cir. 2008). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject matter jurisdiction over a case before it proceeds on the merits. *See In re Renfro*, No. CIV-23-336-JFH-GLJ, 2024 U.S. Dist. LEXIS 167445 at *6, 2024 WL 4205610 (E.D. Okla. Aug. 28, 2024) ("Where, as here, defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), 'the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction.") (quoting *Mounkes v. Conklin*, 922 F.Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

The *Rooker-Feldman* doctrine bars Plaintiffs' claims. *Rooker-Feldman* "prohibits a lower federal court both from considering claims actually decided by a state court, and claims

inextricably intertwined with a prior state-court judgment." *Tal v. Hogan,* 453 F.3d 1244, 1256 (10th Cir. 2006). Here, Plaintiffs' claims center on state attorney disciplinary proceedings. *See* ECF No. 1, generally. Plaintiffs specifically challenge several orders from Lowery's ARDC proceedings. *Id.* at 35. ("Yet the Defendants continued to enter NINE orders starting on February 22, 2024."). A December 12, 2024 ARDC order and recommendation that Plaintiff Lowery be disbarred from the practice of law in Illinois appears to be the focus of her claims. *Id.* at ¶ ¶ 65, 95, 144, 247, 249, 252, 254, 376, 377, 425, 524, 533; *see also* motions, orders and transcripts from Plaintiff Lowery's ARDC proceedings that Plaintiffs attach as exhibits to their Complaint. ECF 2-4, 2-5, 2-6, 2-14, 2-15, and 2-21. However, "'the *Rooker-Feldman* doctrine eliminates most avenues of attack on attorney discipline,'" *Ziankovich v. Members of the Colo. Supreme Court*, No. 20-1314**,** 2021 U.S. App. LEXIS 23680 at *9, 2021 WL 4047000 (10th Cir. 2021), quoting *Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999), including "challenges to the process leading to the disciplinary decision." *Id.* To the extent Plaintiffs complain of actions or omissions inextricably intertwined with the Illinois attorney disciplinary process, this Court has no jurisdiction to review decisions of the state attorney disciplinary proceedings and Plaintiffs' claims should be dismissed. *Exxon Mobil Corp.,* 544 U.S. 280, 284 (2005).

## V.    PLAINTIFFS' CLAIMS ARE BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE.

Alternatively, this Court should decline to hear Plaintiffs' claims pursuant to the *Younger*[3] doctrine. A federal court should apply the *Younger* abstention doctrine when there is a parallel, pending state court proceeding and federal court rulings would implicate the State's interest in enforcing its own state court orders and judgments. *See Sprint Comm. Inc. v. Jacobs*, 571 U.S. 69,

---

[3] *Younger v. Harris*, 401 U.S. 37, 44 (1971).

72-73 (2013). Originally, *Younger* required federal court abstention only when there was a parallel, pending state criminal proceeding. *Id.*, at 72. The Supreme Court, however, has extended federal abstention to state administrative proceedings. *See e.g. Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986); *Sprint*, 571 U.S. at 79 (discussing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). *Younger* applies to pending proceedings, thus in order to avoid application of *Younger* by showing that state proceedings are no longer in progress, a plaintiff must show exhaustion of state appellate remedies. *Stein v. Legal Adver. Comm. of the Disciplinary Bd.,* 122 Fed. Appx. 954, 957 (10th Cir. 2004), citing *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). Plaintiffs allege that the ARDC proceedings are ongoing. Indeed, the Court can take judicial notice of the various motions Plaintiffs have filed in this matter seeking a stay of the underlying ARDC proceedings. *See* e.g. ECF Nos. 11, 17, 36, 43, 45, 47, 50. Thus, *Younger* abstention applies in Plaintiff Lowery's pending attorney disciplinary proceedings. *Middlesex*, 457 U.S. at 432-437. Federal interference with these parallel state administrative attorney disciplinary proceedings is precisely what the *Younger* doctrine is intended to prevent.

Further, principles of comity, equity, and federalism suggest that it is proper for this Court to abstain from exercising jurisdiction over Plaintiffs' claims. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021) (abstaining from exercising jurisdiction even when *Younger*, *Rooker-Feldman*, *Burford*, and domestic relations abstention doctrines were not a perfect fit). "[F]ederal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). This Court should dismiss Plaintiffs' Complaint with

prejudice pursuant to the above abstention doctrines and general principles of comity, equity, and federalism.

## VI.    PLAINTIFF LOWERY WILKINSON LOWERY LLC LACKS ARTICLE III STANDING.

Plaintiff Lowery Wilkinson Lowery LLC lacks standing because it has alleged no facts and no injury distinct from that of Plaintiff Lowery and Plaintiff Wilkinson. "The jurisdiction of the federal courts is limited to cases and controversies." *Smith v. Albany Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 121 F.4th 1374, 1377 (10th Cir. 2024). "That limitation requires plaintiffs to have standing," which is established by showing that they have "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* Here, Plaintiff Lowery Wilkinson Lowery LLC is mentioned only once in Plaintiffs' complaint: "Plaintiffs own and operate a law firm in Muskogee, Oklahoma, Lowery Wilkinson Lowery LLC." ECF 2 at ¶ 10. The complaint is otherwise silent as to the causes of action that are relevant to Plaintiff Lowery Wilkinson Lowery LLC, and to the alleged injuries caused by the State of Illinois' alleged actions or omissions. Thus, Plaintiffs have failed to show any injury-in-fact that is traceable to the defendant State of Illinois.  As such, Plaintiff Lowery Wilkinson Lowery LLC lacks standing to bring suit and should be dismissed.

## VII.    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

On top of all of the threshold issues discussed above, the Complaint should be dismissed for failure to state a claim.  To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient

facts that when assumed true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A.    Plaintiffs' Section 1983 claims fail because the State of Illinois is not a "person" under Section 1983.

Section 1983 prohibits a "person" acting under color of state law from violating another's civil rights. 42 U.S.C. § 1983. The State of Illinois "is not a person within the meaning of § 1983," so the claims against it should be dismissed.  *See Proctor v. Oklahoma*, No. CIV-23-602-G, 2024 U.S. Dist. LEXIS 152873 at *6-7, 2024 WL 3934207 (W.D. Okla. Aug. 2, 2024) (finding that the State of Oklahoma is not a person under Section 1983), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, (1989).

### B.    Plaintiffs fail to allege any facts regarding the State of Illinois.

Moreover, the complaint does not allege facts against the "State of Illinois" itself.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. A complaint may be dismissed if the plaintiff fails to allege sufficient facts to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A sufficient complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and be supported by factual content, because "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiffs' remaining claims fail because they have not alleged *any* facts regarding the State of Illinois. Instead, Plaintiffs use the collective "Defendants" and describe alleged actions or omissions taken by individuals, by the ARDC, by the Illinois Supreme Court, and others. Without more, Plaintiffs fail to state a plausible claim for relief against the State of Illinois, and their complaint should be dismissed.

C.    **Plaintiffs cannot circumvent the judicial immunity doctrine by suing the State of Illinois.**

To the extent that Plaintiffs are suing the State of Illinois based on decisions made in the ARDC attorney disciplinary proceedings (or by the Illinois Supreme Court), their claims are barred by the doctrine of absolute judicial immunity, which they cannot circumvent by suing the State of Illinois itself.  ARDC attorney disciplinary proceedings are judicial in nature. *Levin v. Attorney Registration & Disciplinary Commission*, 74 F.3d 763, 766 (7th Cir. 1996) ("We have previously held that Illinois attorney disciplinary proceedings are judicial in nature."); *Greening v. Moran,* 953 F.2d 301, 304 (7th Cir. 1992), *cert. denied,* 113 S.Ct. 77 (1992); *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122, 125 (7th Cir. 1977). Courts have repeatedly held that plaintiffs cannot evade judicial immunity by seeking to hold non-judge defendants liable for judges' decisions. *See e.g. Lowery v. Utah*, 315 Fed. Appx. 45, 47 (10th Cir. 2008) ("Because Mr. Lowery pleaded no facts that state a claim directed toward the State of Utah or the Third District Court, and cannot circumvent the doctrine of judicial immunity by naming nonjudicial parties for alleged violations committed 'through the actions of defendant Quinn [a judge],' dismissal was proper under § 1915(e)(2)(B)(ii) as well."); *Sellouk v. USSA*, No. 91 CV 1663, 1992 U.S. Dist. LEXIS 18225 at *7, 1992 WL 368065 (E.D. N.Y. Nov. 12, 1992) ("Plaintiffs may not circumvent the policy underlying judicial immunity by joining the State of New York or its courts rather than its judges."); *Wildey v. General Atomics*, 46 Fed. Appx. 487, 487 (9th Cir. 2002) ("The district court properly dismissed the claims against the California Supreme Court and the California Worker's Compensation Appeals Board on the basis of absolute judicial immunity."); *Wolfgram v. State Bar of Cal.*, No. C-94-3064 CAL, 1994 U.S. Dist. LEXIS 18683 at *5, 1994 WL 721465 (N.D. Cal. Dec. 8, 1994) ("Plaintiff's claims for damages against the State Bar, the State Bar Court, and the judge of that court are barred by principles of judicial immunity."). Judicial immunity

extends to the government employer, whether that is a state agency or the state itself. *See e.g.* *Phiffer v. Oregon*, No. CV-10-1120-SU, 2011 U.S. Dist. LEXIS 153350 at *19, 2011 WL 7396602, at *7 (D. Ore. Nov. 21, 2011). ("[J]udicial and quasi-judicial immunity generally extends to the government employer."); *Kovats v. State of Mich*., No. 1:06-cv-755, 2008 U.S. Dist. LEXIS 39897 at *12-13, 2008 WL 2095423 (W.D. Mich. May 16, 2008) (extending judge's immunity to State of Michigan); *St. Fleur v. City of New York*, No. 99 Civ. 10433 (WHP) (AJP), 2000 U.S. Dist. LEXIS 8814 at *18, 2000 WL 280328 (S.D. N.Y. Mar. 14, 2000) ("[T]o the extent that Saint-Fleur's claim against the State is, in reality, an attempt to sue State judges for damages, his claims are barred.") It would undermine the purpose and intent of absolute judicial immunity to allow Plaintiffs to sidestep the doctrine merely by suing the State of Illinois for the ARDC's or Illinois Supreme Court's decisions.

### B.    Plaintiffs' Due Process claims fail.

Plaintiffs allege Defendants violated their substantive and procedural due process rights by:

> a. filing charges with no jurisdiction under Rule 751
> b. denying all discovery
> c. having inadequate rules to address jurisdiction & venue timely
> d. refusing to address fraud in the proceedings
> e. inadequate notice
> f. failure to have rules to comply with the ADA
> g. barring plaintiff from hearing or from confronting witnesses.
> h. conspiring with Oklahoma state officials to deprive plaintiffs of their civil rights.

ECF 2 at ¶ 454. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). "Due process is flexible and calls for such procedural protections as the particular situation

demands." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The key requirement of procedural due process is that a person have the opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews*, 424 U.S. at 332. However, no procedural due process claim can proceed under Section 1983 when adequate state remedies exist. "The rule that a section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation 'is not an exhaustion requirement.'" *Hardman v. Johnson County Cmty. College,* No. 13-2535-JTM**,** 2014 U.S. Dist. LEXIS 49688 at *12, 2014 WL 1400668 (D. Kan. Apr. 10, 2024), quoting *Flagship Lake County Dev. No. 5 v. City of Mascotte*, 559 Fed. Appx. 811 (11th Cir. March 13, 2014). *"*Instead, it is 'a recognition that procedural due process violations do not even exist unless no adequate state remedies are available.' In other words, the unavailability of adequate remedies is an element of a procedural due process claim—as opposed to an exhaustion requirement. Plaintiffs state in conclusory fashion that "[i]n fact, Plaintiffs have exhausted all remedies." ECF 2 at 29. But as noted above, the relevant inquiry in a procedural due process analysis is not about exhaustion, but of whether adequate state remedies are available. Indeed, Plaintiffs own complaint acknowledges that other state remedies exist by mentioning that the ARDC has a Review Board. ECF 2 at 394. "Any party to a disciplinary hearing—including the ARDC—may appeal to the ARDC's Review Board. As its name suggests, the Review Board is the ARDC's appellate body tasked with reviewing the Hearing Board's findings." *Salem v. Larkin*, 642 F. Supp. 3d 763, 768 (N.D. Ill. Nov. 23, 2022); Ill S. Ct. R. 753(d)(2) and (d)(3). Beyond the ARDC Review Board, another available state court remedy is via the Illinois Supreme Court. As the court in *Salem* explains:.

> Either party to a disciplinary proceeding may file a Petition for Leave to File Exceptions ("PLE") to the Illinois Supreme Court. Ill S. Ct. R. 753(e)(1). A party filing a PLE must explain to the Supreme Court not only why the Supreme Court should review the petition but also why the Review

> Board's decision was incorrect. Ill S. Ct. R. 753(e)(3). If the Supreme Court
> allows exceptions, it may 'enter a final order as recommended by
> the Review Board or as otherwise determined by the Court;' remand the
> case back to the Hearing Board or Review Board; or accept the matter for
> further consideration and invite further briefing. Ill S. Ct. R. 753(e)(5). A
> party opposing the PLE has an opportunity to file an answer explaining why
> the petition should not be granted. Ill S. Ct. R. 753(e)(4).

*Id.* By failing to allege that state remedies do not exist, when they indisputably do, Plaintiffs have failed to satisfy a critical element of a procedural due process claim. At a minimum, the filing an appeal with the ARDC's Review Board and filing a Petition for Leave to File Exceptions are two state remedies available to individuals like Plaintiffs who seek to challenge decisions of the ARDC's Hearing Board. Plaintiffs' procedural due process claim therefore fails and should be dismissed.

Plaintiffs also allege that Defendants violated their right to substantive due process. "A violation of substantive due process may arise in two ways—from (1) legislative acts that infringe on a fundamental right, or (2) official conduct that deprives a person of life, liberty, or property in a manner so arbitrary as to shock the judicial conscience." *Lindsey v. Hyler*, 918 F.3d 1109, 1115 (10th Cir. 2019). Plaintiffs' do not allege anything about any legislative acts, thus Plaintiffs must satisfy the "shock-the-conscience" standard. "This standard is exacting." *Id.* at 1116. "'[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense,'" and "not even '[i]ntentionally or recklessly causing injury through the abuse or misuse of government power is [] enough.'" *Id.* (quoting *Onyx Props., LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039, 1048-49 (10th Cir. 2016)). Instead, Plaintiffs "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222-23 (10th Cir. 2006) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)). Tenth Circuit precedent "recognize[s] a [Section] 1983 claim for a violation

of Fourteenth Amendment substantive due process rights [only] in the narrowest of circumstances." *Becker v. Kroll*, 494 F.3d 904, 922 (10th Cir. 2007). Here, Plaintiffs complain of procedural irregularities in attorney disciplinary proceedings. This does not meet the high bar for substantive due process claims. Furthermore, Plaintiffs alleges no facts that the *State of Illinois* engaged in any conduct that violates substantive due process. Plaintiffs substantive due process claim fails.

Plaintiffs fail to allege that state remedies do not exist, a required element for stating a procedural due process claim. Plaintiffs also fail to allege facts that meet the "shock the conscience" standard for the narrow circumstances where substantive due process claims can be brought under Section 1983. Further, Plaintiffs state no facts to support that the State of Illinois engaged in any conduct to support their substantive due process claim. As such, Plaintiffs' due process claims fail and should be dismissed.

**C.    Plaintiffs' claims under 18 U.S.C. §§ 241, 875, 1001, 1091, 1503, 1513, and 2261A fail because these are criminal statutes that do not provide a private cause of action.**

Finally, Plaintiffs allege that Defendants violated a number of federal criminal statutes,[4] but none[5] of them provide for a private cause of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. Apr. 23, 2007) (holding that district's dismissal of plaintiff's claims based on

---

[4] The criminal statutes cited in Plaintiff's complaint are found at Count II, "illegal federal retaliation" (18 U.S.C. § 1513); Count V, "interstate fraud" (18 U.S.C. § 1001); Count VIII, "threats, intimidation, stalking and harassment" (18 U.S.C. §§241, 875, 1503 & 2261A); and Count IX, "medical malpractice and genocide" (18 U.S. § 1091).

[5] While it is not listed as a separate count, Plaintiffs apparently bring a claim for computer fraud under 18 U.S.C. 1030. ECF 2 at ¶ 126. "[A]lthough 18 U.S.C. §[ ] 1030 [ ] allow[s] private civil actions in certain circumstances" Plaintiffs "fail[] to make any allegations implicating those circumstances" against the State of Illinois "or plead any facts demonstrating that [they] can bring a claim" under that statute against the State of Illinois. *Cuara R. v. Verizon's*, No. 2:23-cv-00490-RJS-JCB, 2024 U.S. Dist. LEXIS 122117 at *5, 2024 WL 3363279 (D. Utah Jun. 24, 2024).

"18 U.S.C. §§ 241, [ ], 1001, [ ], and 1503[ ] was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); *Lopez v. COMPA Indus*., No. CIV 23-0303 JB/LF**,** 2024 U.S. Dist. LEXIS 45531 at *22-23, 2024 WL 1112065 (D.N.M. Mar. 14, 2024) (same re: 18 U.S.C. § 875); *Kush v. Gates*, No. 2:23-cv-00457, 2023 U.S. Dist. LEXIS 190288 at *4, 2023 WL 6964079 (D. Utah Sept. 22, 2023) (same re: 18 U.S.C. § 1901); *Ellijah Sam v. Bancfirst*, No. CIV-23-601-R, 2023 U.S. Dist. LEXIS 133004 at *3, 2023 WL 4921525 (W.D. Okla. Aug. 1, 2023) (same re: 18 U.S.C. §1513); *Rock v. BAE Sys*., 556 Fed. Appx. 869, 871 (11th Cir. 2014) (same re: 18 U.S.C. §2261A).

## VIII.   THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFFS' STATE-LAW CLAIMS.

The Tenth Circuit has explained that when all federal claims have been dismissed, the district court should usually decline to exercise supplemental jurisdiction over any outstanding state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Here, Plaintiffs' federal claims fail, but they bring one claim under Oklahoma state law, the "Oklahoma Citizens Participation [Act] (OCPA) Okla. Stat. Tit. 12 § 1432(A) (2019). They also bring claims for medical malpractice per se and defamation per se. (Counts IX and X[6]). To the extent those claims are brought under state, rather than federal law, the Court should decline to exercise jurisdiction over the state law claims.

### CONCLUSION

For all of the reasons stated above, Plaintiffs' complaint fails and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

---

[6] There are two counts labeled as Count X: the defamation per se count and the Oklahoma Citizen Participation Act count.

Dated: March 14, 2025

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ *Marci L. Sahinoglu*
Marci L. Sahinoglu
Assistant Attorney General
115 S. LaSalle Street, 27th Floor
Chicago, Illinois 60603
Tel: (312) 636-5595
marci.sahinoglu@ilag.gov
*Pro Hac Vice*

*Counsel for Defendant State of Illinois*