**IN THE UNITED STATES DISTRICT COURT**
**OKLAHOMA EASTERN DIVISION - MUSKOGEE**

| | |
|---|---|
| **Oklahoma Plaintiff**<br>**1. LOWERY WILKINSON LOWERY, L.L.C., an Oklahoma Limited Liability Company. by and through principal owners, MARGARET J. LOWERY & RONALD D. WILKINSON,**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**Illinois Defendants**<br>**2. STATE OF ILLINOIS d/b/a ILLINOIS SUPREME COURT d/b/a ATTORNEY REGISTRATION & DISCIPLINARY SYSTEM by and through their employees & volunteers Joy Cunningham, PETER ROTSKOFF, RACHEL MILLER, JOSE LOPEZ, MARTHA FERDINAND, ELIZABETH DELHEIMER, LEA GUTIERREZ, JEROME LARKIN, & AMY GRANT, the ADA Coordinator, the I.**<br><br>**3. ST. CLAIR COUNTY, ILLINOIS by and through their employee ANDREW GLEESON,**<br><br>**Defendants.** | **CASE NUMBER: 25CV22-JAR**<br><br>**Federal Statutes Invoked**<br><br>**ADA & Rehabilitation Act - 42 U.S.C. § 12132 & 29 U.S.C. § 794**<br><br>**Threats, Harassment & Intimidation Title 18 U.S.C. §241, §875, §1503 & §2261A**<br><br>**Civil Rights - Title 42 U.S.C. §1983**<br><br>**Clayton Act - Title 15 U.S.C. §12-27**<br><br>**Computer Fraud - Title 18 U.S.C. § 1030**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO RECONSIDER TRO**
**COURT'S RULING EFFECTIVELY OVERTURNS MCGIRT**

NOW COMES Plaintiffs and requests this Court reconsider its ruling on the TRO because the Court's ruling effectively overturns *McGirt*, to-wit:

1. No Illinois bar membership exits. Plaintiff Lowery was not registered with the ISBA or the ARDC under Illinois Supreme Court Rule 751. Plaintiff Lowery was on retired status in

2023. Counsel now has validation. If the DOJ can verify retired status in Illinois why can't this federal court.

2. If Illinois did not have jurisdiction, then requiring any lawyer to file briefs to defend a non existent bar license in Illinois to protect her Oklahoma license confers subject jurisdiction. It is irreparable harm.

3. Under Title II of the ADA (42 U.S.C. § 12132), public entities, including state courts and bar disciplinary bodies, must ensure that individuals with disabilities are not excluded from participation in or denied the benefits of their services, programs, or activities.

4. The Defendant's state action of locking the attorney out of a hearing despite her disability and then asserting jurisdiction to force her to defend an illegal bar action, constitutes ongoing discrimination by denying her meaningful access to the judicial and disciplinary process.

5. Plaintiff Lowery has a congressional declaration of disability, which the state disputes without evidence. Why has this Court shifted the burden onto Ms. Lowery when it's the State who should demonstrate its basis for stating the ADA did not apply. The ADA confers federal jurisdiction because Defendants denied Title II access.

6. Defendants claim Plaintiff Lowery "wasn't really disabled" despite a congressional declaration is legally untenable. A congressional declaration carries significant weight as evidence of disability, and the state's rejection of it without a reasoned basis suggests pretextual discrimination.

7. Federal courts have jurisdiction to review such ADA claims (28 U.S.C. § 1331), and this Court's refusal to intervene risks allowing an unremedied violation to persist.

8. This Court has denied Plaintiff Lowery's federal status under federal law, the ADA, in a state

proceeding which she cannot fully participate in due to her disability. This Catch-22 situation (being denied accommodations and then penalized for the consequences) is precisely the type of exclusion Title II prohibits.

9. Forcing Plaintiff Lowery to engage with a state process that has already demonstrated ADA noncompliance (e.g., denying hearing access) inflicts further harm by exacerbating her disability-related limitations. That *is* the irreparable harm.

10. It is irreparable harm because it involves the loss of federally protected civil rights under the ADA, which cannot be adequately remedied by monetary damages or later relief.

11. Each interaction with an inaccessible state process compounds Ms. Lowery's injury, causes more kidney damage and undermines her dignity and equality under the law.

12. Then this Court has permitted the state's baseless assertion of jurisdiction over the attorney, despite her retired status with both the Illinois State Bar Association and the Attorney Registration and Disciplinary Commission (ARDC) to never be addressed.

13. Yet the Court makes the disabled person justify why she is in Court with jurisdiction but not the Defendants. That's a fairness issue.

14. This Court has forced the disabled person into a legal battle she is ill-equipped to fight due to her disability. This misuse of authority exploits Plaintiff's vulnerability, creating a unique harm tied to her protected status under the ADA.

15. Illinois Supreme Court Rule 751 governs attorney registration. The retired status exempts attorneys from active disciplinary oversight unless they engage in the unauthorized practice of law. So Illinois has claimed jurisdiction not only over Ms. Lowery but her law partner Mr. Wilkinson under Rule 751 because they have charged him with UPL. All of this was done

to avoid application of the ADA.

16. Social media posts, especially post-retirement, do not inherently constitute the practice of law under Illinois rules. Here they are NOT Plaintiff's. The allegation is the Defendant's invented the posts to create jurisdiction and then blocked discovery to prevent proof of the jurisdictional fraud.

17. Defendant's bar claim lacks any jurisdictional foundation, yet it demands Plaintiff's participation in a state proceeding that requires resources (time, energy, legal defense). Defendants Gleeson's threat was the State would financially destroy Plaintiff Lowery. The Court has ruled because this Court has overturned the supremacy clause of the Constitution. This is the *McGirt* argument..

18. Plaintiff Lowery's disability limits her ability to muster the time, resources to fight a seven year battle for freedom from Illinois because she has both the medical bills to pay for from her disability caused by the Illinois failure to comply with the ADA and then her need to earn an income to live.

19. The ADA recognizes that such burdens disproportionately harm individuals with disabilities, especially when imposed unlawfully.

20. The harm is irreparable because it subjects her to a futile, disability-aggravating process under a false pretense of jurisdiction. **Unlike a typical attorney, her disability amplifies the stress, fatigue, or physical toll of defending herself, and the state's bad-faith action cannot be undone by a later ruling—it's the process itself that is the injury**.

21. The ADA, as a federal civil rights statute, preempts state actions that conflict with its protections. By falsely asserting jurisdiction and ignoring her disability, Defendants' not only

violating Title II, but this Court is permitting a state to override Plaintiff's federal rights, which the federal court has a duty to safeguard.

22. This is no different than what the State of Oklahoma has argued with the Indian Tribes. Oklahoma argues its states rights controls and this federal courts said no.

23. Ms. Lowery's ADA status is identical to the issues in *McGirt*.

24. This federal court's decision that she must "fight" the bar action despite her retired status and congressional disability declaration dismisses the ADA's mandate for reasonable accommodations and equal access.

25. This Court's ruling that Plaintiff Lowery is obligated to engage with Defendants —cedes federal authority to a state process. That is this Court openly flouting federal law and authority in favor of states rights.

26. The Supremacy Clause (U.S. Const., Art. VI, cl. 2) requires the federal court to intervene when state actions undermine federally protected rights, as they have here.

27. The harm is irreparable because allowing the state to proceed unchecked erodes Plaintiff Lowery's ADA rights in real time. Each step in the state's process (e.g., filings, hearings) without federal intervention perpetuates a violation that cannot be fully reversed, as the emotional and physical toll on a disabled individual accumulates irreversibly.

28. Irreparable harm, for TRO purposes, exists when a plaintiff faces injury that cannot be adequately compensated by damages or later relief. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

29. Here, Plaintiff Lowery faces ongoing disability discrimination and the psychological/physical burden of an illegitimate state proceeding, both of which defy monetary quantification.

30. Defendant's state's action of denying Plaintiff hearing access, disputing her disability, and

now forcing her to defend a bar action—create a cascade of harms: loss of ADA-protected access, exacerbation of her disability (e.g., stress, fatigue), and the indignity of fighting a jurisdictionally void claim.

31. This federal court's insistence that Ms. Lowery "go back and fight" ignores her disability status makes that uniquely burdensome, and the state's bad faith (lying about jurisdiction) ensures the harm is immediate and ongoing.

32. Courts have recognized irreparable harm in ADA cases where individuals face exclusion or disproportionate burdens due to disability (e.g., *Olmstead v. L.C.*, 527 U.S. 581 (1999) (unnecessary institutionalization); *Lane v. Tennessee*, 541 U.S. 509 (2004) (court access barriers)). Here, the harm is analogous: an inaccessible, unwarranted state process targeting her disability status.

33. Plaintiff Lowery's congressional declaration of disability establishes a prima facie case for ADA protection, yet Defendants, the state, flouts this by questioning Plaintiff Lowery's status and asserting jurisdiction over a retired attorney's social media activity. A TRO halts this misuse of power, protecting her rights and signaling that disability-based harassment under color of state law won't be tolerated in the federal system.

34. In *McGirt*, your Honor recognized the federal supremacy over state jurisdiction when it ruled Oklahoma lacked authority to prosecute crimes on tribal lands, emphasizing the enduring force of federal treaties and statutes over state overreach.

35. This case involves a nearly identical state tension because here the state of Illinois is asserting jurisdiction over a retired, disabled attorney in a manner that conflicts with her federally protected rights under the Americans with Disabilities Act. It is the identical argument to

McGirt.

36. In *McGirt v. Oklahoma* (No. 07-CR-0113, E.D. Okla., affirmed 591 U.S. 894 (2020)), this Court ruled that the Muscogee (Creek) Nation reservation was never disestablished by Congress, thus preserving exclusive federal and tribal jurisdiction over crimes committed by Native Americans on that land.

37. This Court rejected Oklahoma's claim to prosecute McGirt, *grounding his decision in the Supremacy Clause (U.S. Const., Art. VI, cl. 2)* , which prioritizes federal law of treaties and statutes, over state assertions of power.

38. The U.S. Supreme Court later affirmed this ruling with Justice Gorsuch noting that "state courts generally have no jurisdiction to try Indians for conduct committed in 'Indian Country'" unless Congress explicitly says otherwise. *Id* at 900.

39. The reason the Plaintiffs are flabbergasted with the Court is because your Honor's ruling here effectively repudiates *McGirt*, a ruling SCOTUS confirmed.

40. Illinois disputes Plaintiff Lowery's congressional declaration of disability and asserts jurisdiction despite her retired status, yet provides no evidence that Rule 751 extends to non-practicing, retired attorneys' protected speech. This overreach, is just like the State of Oklahoma in *McGirt*. Illinois is defying the federal law's supremacy clause, which your Honor and SCOTUS upheld as inviolable.

41. In *McGirt*, the irreparable harm was the subjection of McGirt to an illegitimate state criminal process that violates federally protected rights.

42. In *McGirt*, this Court found the harm was the improper prosecution by the State when it had no jurisdiction. In this case, it is forcing a disabled attorney to defend herself in an

inaccessible, jurisdictionally void proceeding, that has no jurisdiction which amplifies her ADA-protected vulnerabilities. In other words, no jurisidiction.

43. This Courts refusal to grant a TRO under the ADA risks a de facto nullification of *McGirt* where this Court recognized that states cannot assert jurisdiction in violation of federal law.

44. By deferring to Illinois' baseless claim over Plaintiff Lowery's post-retirement conduct, this Court has implicitly reversed *McGirt* by refusing to enforce the exact same argument when it applies to the ADA.

45. This inconsistency undermines the rule of law. It effectively overturns the integrity of this Court's earlier decision.

Respectfully submitted,

LOWERY WILKINSON LOWERY, LLC

Ronald D. Wilkinson

RONALD D. WILKINSON, OBA #15157
505 North Main Street, Suite 123
Muskogee, Oklahoma 74401
(918) 361-9652
Ronw@lowerywilkinsonlowery.com

Type text here