IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Oklahoma Plaintiff**<br>1. LOWERY WILKINSON LOWERY, L.L.C., an Oklahoma Limited Liability Company, by and through principal owners Margaret J. Lowery & Ronald D. Wilkinson,<br><br>      Plaintiffs,<br><br>v.<br><br>**Illinois Defendants**<br>2. STATE OF ILLINOIS d/b/a ILLINOIS SUPREME COURT d/b/a ATTORNEY REGISTRATION & DISCIPLINARY SYSTEM by and through their employees & volunteers Joy Cunningham, Peter Rotskoff, Rachell Miller, Jose Lopez, Martha Ferdinand, Elizabeth Delheimer, Lea Gutierrez, Jerome Lark, & Amy Grant, the ADA Coordinator,<br>3. ST. CLAIR COUNTY, ILLINOIS by and through their employee ANDREW GLEESON,<br><br>      Defendants. | Case No.: 25-cv-22-RAW |

**DEFENDANTS' MOTION FOR SANCTIONS AND BRIEF IN SUPPORT**

Pursuant to 28 U.S.C. § 1927 and the Court's inherent authority to sanction abuses of judicial process, Defendant, State of Illinois[1] Local Counsel ("Local Counsel"), respectfully moves this Court for the recovery of costs incurred to respond

---

[1] The State of Illinois will likely be filing their own Motion and Brief for Bill of Costs pursuant to this Court's direction at the hearing on May 21, 2025. *See* [Doc. 154].

to Plaintiffs' voluminous filings in this case. Local Counsel respectfully requests this Court enter an Order sanctioning Plaintiffs in the form of attorney fees and costs unnecessarily incurred by Local Counsel in this action due to Plaintiffs' vexations and unreasonable litigation conduct, in an amount of at least $2,278.50. In this meritless suit, Local Counsel has been forced to review and/or respond to numerous frivolous pleadings, as Plaintiffs have engaged in unreasonable motion practice, ignored orders of this Court, multiplied the expense and burden of this litigation, and wasted the time and resources of this Court and the State of Oklahoma.

## BACKGROUND

The undersigned agreed to serve as Local Counsel for the State of Illinois in this lawsuit. Local Counsel filed an Entry of Appearance on February 11, 2025. [Doc. 18]. Thereafter, the undersigned filed a Motion for Admission of Marci L. Sahinoglu *Pro Hac Vice*. [Doc. 19]. Plaintiffs immediately filed an Objection to the Motion for *Pro Hac Vice*. [Doc. 20]. The Motion for *Pro Hac Vice* was granted on February 13, 2025. [Doc. 22]. Plaintiffs thereafter filed a Motion to Disqualify the undersigned. [Doc. 24]. Local Counsel had no choice but to respond to Plaintiffs' Motion to Disqualify. [Doc. 38]. Plaintiffs did not file a reply.

On April 1, 2025, this Court entered an Order granting the State of Illinois' Motion to Stay (except as to remaining briefing on Defendants' Motions to Dismiss and the Court's requiring expedited responses to Plaintiff's Motion for Reconsideration). *See* [Doc. 81]. Instead of following the Court's Order as to the Stay, Plaintiffs filed several other motions. *See* [Docs. 82, 85, 97, 98]. Plaintiffs then filed a

Motion to Dismiss the Court's Show Cause Order. [Doc. 115]. Plaintiffs also filed a Motion to Clarify the Court's Show Cause Order. [Doc. 116]. Then, Plaintiffs filed a Motion for Default Judgment, a Motion to Disqualify Counsel, and a Motion to Strike Defendant's Motion to Dismiss. [Doc. 117]. Plaintiffs' withdrew this motion two days later. [Doc. 118].

On April 17, 2025, this Court entered an Order to Show Cause, ordering Plaintiffs to appear on May 21, 2025 "and show cause why they should not be assessed monetary and/or non-monetary sanctions" because their "pleadings, motions, and actions in the present case have repeatedly violated the Federal Rules and 28 U.S.C. § 1927 by presenting arguments and pleadings for an improper purpose, making factual misrepresentations to the court, filing motions in violation of the stay, needlessly increasing the cost of litigation, violating local Civil Rules, raising claims based on frivolous legal arguments, and submitting inappropriate and profane exhibits." *See* [Doc. 101]. On April 28, 2025, this Court entered an Order setting hearings for Plaintiff's Motion to Clarify Rule 11 Show Cause Order [Doc. 116] and Plaintiffs' Motion to Dismiss Rule 11 Show Cause Order. [Doc. 115]. *See* [Doc. 119].

On May 12, 2025, Plaintiffs filed a "Notice of Non-Appearance at May 21, 2025 Hearing." [Doc. 132]. That same day, this Court entered an Order directing all parties to be prepared to dismiss all aspects of claims, defenses and pending motions. [Doc. 133]. Plaintiffs then filed a Motion to Recuse Judge White [Doc. 139] and a Motion to Strike [Doc. 138]. This Court also set those Motions for hearing on May 21, 2025. [Doc. 140].

On the date of the hearing, May 21, 2025, Plaintiffs did not appear. [Doc. 154]. Instead, after the hearing started, Plaintiffs filed a Supplemental Response to Rule 11 Show Cause Order [Doc. 150], Notice of Dismissal Without Prejudice of St. Clair County [Doc. 151], Notice to Court Regarding availability to attend hearing remotely [Doc. 152], and Exhibits 1-20 and A-D [Doc. 153]. Simply put, Plaintiffs did not comply with this Court's Orders [Doc. 101, 119, 140].

## ARGUMENT AND AUTHORITY

**PROPOSITION I: THE COURT SHOUD IMPOSE SANCTIONS ON PLAINTIFFS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY.**

Title 28 U.S.C. § 1927 permits the Court to award excess costs, expenses, and attorneys' fees reasonably incurred as sanctions against attorneys for engaging in practices that unnecessarily delay or increase the complexity of the litigation. Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons…as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The Court has "broad discretion" to sanction attorneys who unreasonably multiply the proceedings. *Frey v. Town of Jackson*, 41 F.4th 1223, 1245

(10th Cir. 2022). Like the sanctions available under § 1927, the court's inherent authority allows sanctions in the form of "an assessment of attorney's fees' – an order…instructing a party that has acted in bad faith reimburse legal fees and costs incurred by the other side." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 101 (2017).

The procedural history of this case shows Plaintiffs vexatious litigation conduct. In an attempt to escape responsibility for initiating and maintaining a frivolous federal lawsuit, Plaintiffs have weaponized the Court system. Despite multiple motions to dismiss being filed that question this Court's jurisdiction, Plaintiffs continued to file motions that ignored the Stay imposed in this case. Local Counsel was required to respond to a frivolous Motion to Disqualify, and Plaintiffs did not even extend the courtesy of showing up at the hearing to argue that Motion. Plaintiffs disobeyed Court orders and required the additional time and expense of the parties to respond to numerous frivolous motions. Plaintiffs have shown no regard for the judicial system, or the time and expense to the parties to this suit. As such, Plaintiffs should be required to reimburse the State of Oklahoma for the time and expense of litigating this frivolous lawsuit and Plaintiffs frivolous motions.

Because of Plaintiffs antics, Local Counsel, through the State of Oklahoma, has incurred $2,082.50 in attorney fees and $196.00 in travel expenses to attend the May 21, 2025 hearing. *See* Exhibit 1, *Declaration of Local Counsel*.

## CONCLUSION

For the above stated reasons, Local Counsel respectfully request the Court award the reasonable and necessary costs in at least the amount of $2,278.50.

Respectfully Submitted,

/s/ *Lexie P. Norwood*
**LEXIE P. NORWOOD, OBA#31414**
Assistant Attorney General
Litigation Division
Oklahoma Office of the Attorney General
313 NE 21st St.
Oklahoma City, OK 73105
Telephone:   (405) 522-4798
Facsimile:    (405) 521-6246
Email: lexie.norwood@oag.ok.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day May 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record who are registered participants.

/s/ *Lexie P. Norwood*
Lexie P. Norwood