IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOWERY WILKINSON LOWERY, LLC, et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 25-cv-22-RAW |
| STATE OF ILLINOIS, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiffs filed their Complaint in this Court on January 22, 2025. (Docket No. 2). Plaintiffs filed a version of the instant case in the Northern District of Oklahoma, pursuing the same claims and arguments against the same Defendants, although the named Plaintiffs were slightly different. *See Lowery v. Gleeson et al.*, Case No. 24-cv-204-SEH-JFJ, and *Wilkinson v. Rotskoff, et al.,* Case No. 24-cv-314-SEH-MTS. Throughout this case, Plaintiffs have filed numerous frivolous pleadings, many of which requested duplicative relief; repeatedly violated the Court ordered stay; and repeatedly refused to appear at Court ordered hearings.

As relevant here, Plaintiffs' litigation misconduct and violations of the rules of professional conduct eventually resulted in the District Court's entry of an Omnibus Order which, *inter alia,* granted Defendant State of Illinois' Motion for Sanctions and directed that a hearing be held to determine whether the requested attorney fees were reasonable. (Docket No. 181 at 18-34). The Court referred the issue of the reasonableness of the requested attorney fees to the undersigned Magistrate Judge for a hearing and findings and recommendation pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 182). The undersigned Magistrate Judge conducted a reasonableness hearing on October 22, 2025. (Docket No. 224). Michael Dierkes and Lexie Norwood appeared on behalf of Defendant State of Illinois, William Leach appeared on behalf of

Defendant St. Clair County, Illinois, and no appearances were made on behalf of Plaintiffs. For the reasons set forth below, the undersigned Magistrate Judge recommends that Defendant State of Illinois be awarded $5,737.50 in reasonable attorney fees and that Defendant St. Clair County, Illinois be awarded $109,340.00 in reasonable attorney fees.

The benchmark for an award of attorney fees under nearly all the federal statues authorizing an award of attorney fees is that the amount of the fees awarded must be "reasonable." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 562 (1986). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckert,* 461 U.S. 424, 433 (1983). This calculation results in the "lodestar figure" and typically yields a presumptively reasonable attorney fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 554 (2010).

In this case, counsel for the State of Illinois, Lexie Norwood, Marci Sahinoglu, and Michael Dierkes, have each produced affidavits showing that they have expended a combined total of 67.5 hours representing the State of Illinois in this case. (Docket Nos. 166-1, 167). This combined total includes 28 hours of Ms. Norwood's time, 32.5 hours of Ms. Sahinoglu's time, and 7 hours of Mr. Dierkes' time. In light of the testimony at the reasonableness hearing that the requested 67.5 hours is <u>substantially</u> less than the actual number of hours spent on the litigation in this case and in light of the undersigned Magistrate Judge's own knowledge of the time required to perform the work provided herein, the undersigned Magistrate Judge finds that 67.5 hours is a reasonable number of

hours expended representing the State of Illinois. As to the hourly rates, Ms. Norwood indicates that her hourly rate is $85.00 per hour, but neither Ms. Sahinoglu nor Mr. Dierkes provided their hourly rates. The undersigned Magistrate Judge will therefore apply Ms. Norwood's stated rate to both Ms. Sahinoglu and Mr. Dierkes. Based on Ms. Norwood's affidavit and the undersigned Magistrate Judge's own knowledge of the billing practices in this Court and in the legal profession generally, the undersigned Magistrate Judge has no trouble concluding that $85.00 per hour for Ms. Norwood, Ms. Sahinoglu, and Mr. Dierkes is a reasonable hourly rate for the legal representation provided in this case. *See Jones v. Eagle-North Hills Shopping Center, L.P.*, 478 F.Supp. 2d 1321, 1326 (E.D. Okla. 2007) ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation."). Accordingly, the undersigned Magistrate Judge recommends that the State of Illinois be awarded the reasonable attorney fee of $5,737.50 as a sanction for Plaintiffs' repeated misconduct as described in the Omnibus order.

     Turning to St. Clair County, Illinois' request for attorney fees, it is seeking $148,715.90, which represents 302.4 hours of attorney Bill Leach's time spent on this matter and approximately 10 hours of time anticipated to be spent on appeals billed at Mr. Leach's highest hourly rate of $475.00 per hour. (Reasonableness Hearing Exhibits 5, 6). Plaintiffs were not present at the reasonableness hearing, thus they presented no evidence on the reasonableness of St. Clair County's request. However, in their objection to the Motion for Attorney Fees and Sanctions, they do make a general objection to both the amount of the requested fees and the hourly rate. (Docket No. 171 at 9-10). As relevant to the number of hours contained in the billing record, the undersigned Magistrate Judge notes that Plaintiffs' filings are frivolous, voluminous, duplicitous

3

at times, and difficult to comprehend. Moreover, they are full of inaccurate case citations, in the form of either incorrectly typed citations, or correct citations to cases that are cited for reasons that does not support Plaintiffs' position. Either way, the inaccuracies in Plaintiffs' pleadings certainly multiplied the number of hours Mr. Leach was required to spend responding on behalf of St. Clair County. Finally, because of Plaintiffs' massive damages allegations, St. Clair County was forced to respond to all of Plaintiffs' filings or risk significant liability exposure. After reviewing the submitted billing records, the number of hours <u>is</u> high; however, the undersigned Magistrate Judge does not find them patently unreasonable in light of Plaintiffs' own actions in multiplying the litigation burden on St. Clair County as well as the undersigned Magistrate Judge's own knowledge of the time required to perform the work provided herein. The undersigned Magistrate Judge thus finds that 312.4 hours is a reasonable number of hours expended representing St. Clair County, Illinois in this matter.

As to Mr. Leach's hourly rate, Michael F. Lauderdale, the managing director of the McAfee Taft law firm, submitted an affidavit indicating that Mr. Leach's typical hourly rate for a client such as St. Clair County, Illinois, that the firm does not anticipate an on-going relationship with, is $475.00 per hour but that Mr. Leach agreed to undertake this representation at $350.00 per hour. (Reasonableness Hearing Exhibit 4). Mr. Leach explained at the reasonableness hearing that he later further reduced his rate to $300.00 per hour as a courtesy to St. Clair County. Mr. Leach has more than 43 years' experience in the legal profession and has tried nearly 100 cases to verdict. *Id.* Based on Mr. Lauderdale's affidavit and the undersigned Magistrate Judge's own knowledge of the billing practices in this Court, in the legal profession generally, and of Mr. Leach in particular, $350.00 per hour is a reasonable hourly rate for Mr. Leach's time. Although Mr. Leach

reduced his rate as a courtesy to St. Clair County, he never agreed to do the same for Plaintiffs and it is unlikely he would ever extend any goodwill to Plaintiffs in the form of a reduced hourly rate considering the allegations Plaintiffs have lodged against him. Plaintiffs have provided absolutely no reason why Mr. Leach should not be entitled to the $350.00 per hour that he initially agreed to, especially considering this rate was described as "well below" Mr. Leach's market rate at the reasonableness hearing. Accordingly, the undersigned Magistrate Judge recommends that St. Clair County be awarded the reasonable attorney fee of $109,340.00 as a sanction for Plaintiffs' repeated misconduct as described in the Omnibus order.

      St. Clair County has also requested an upward fee award enhancement of 20% in light of the factors enumerated in *Harold's Stores, Inc. v. Dillard Dept. Stores, Inc.,* 82 F.3d 1533, 1556 n. 14 (10th Cir. 1996) (citing *Southwestern Bell Tel. Co. v. Parker Pest Control, Inc.,* 737 P.2d 291, 295 (Okla. 1980), including the time and labor required; the novelty and difficulty of the questions; the skill required; the effect on other employment by the attorney; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or the ability of the attorney; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the undesirability of the case; the nature and length of the attorney's relationship with the client; and awards in similar cases. Although the undersigned Magistrate Judge comprehends the egregiousness of Plaintiffs' litigation misconduct and violations of the rules of professional conduct, St. Clair County's arguments for an upward deviation from the lodestar amount rely solely on the same misconduct that warranted granting the Motion for Sanctions. The undersigned Magistrate Judge therefore declines to recommend an enhancement of the fee award, finding that the $109,340.00 recommended herein appropriately compensates St. Clair County's

attorney for his work in this case.

Accordingly, the undersigned Magistrate Judge PROPOSES the findings set forth above and RECOMMENDS that Defendant State of Illinois be granted the reasonable attorney fee of $5,737.50 as a sanction for Plaintiffs' repeated misconduct as described in the Omnibus order. The undersigned Magistrate Judge further RECOMMENDS and that Defendant St. Clair County, Illinois be granted the reasonable attorney fee of $109,340.00 as a sanction for Plaintiffs' repeated misconduct as described in the Omnibus order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to the Magistrate Judge's report and recommendations. The exigencies of the Court's calendar amid the ongoing *McGirt* crisis require the Court to shorten the window for filing objections to five (5) days with an additional two (2) days for responses.[1] *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978); *Sabal Trail Transmission, LLC. v. 7.72 Acres in Lee Cnty., Ala.*, No. 3:16-CV-173-WKW, 2016 WL 10789585, at *1 (M.D. Ala. June 6, 2016) (collecting cases).[2] Any objections must be filed on or before December 22, 2025.

If specific written objections are timely filed, Fed. R. Civ. P. 72(b)(3) directs the district judge to:

---

1  The undersigned Magistrate Judge shortens the objection period after consulting with the presiding judge in this matter, U.S. District Judge Ronald A. White.

2  Specifically, the Northern and Eastern Districts of Oklahoma have unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020). *McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. This extraordinary number of criminal cases thrust into federal court, virtually overnight, is unlike anything ever seen in this Country's history. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022). Numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases), *aff'd* 76 F.4th 1007 (10th Cir. 2023).

>consider de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). Failure to timely and specifically object to the magistrate judge's report and recommendation waives a party's right to appellate review. *See Moore v. United States,* 950 F.2d 656, 659 (10th Cir. 1991). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 16th day of December, 2025.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE