IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOWERY WILKINSON LOWERY, LLC ET AL, <br><br> **Plaintiffs,** <br><br> v. <br><br> STATE OF ILLINOIS, ET AL., <br><br> **Defendants.** | Case No. 25-CV-22-RAW |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the court is Magistrate Judge D. Edward Snow's Report and Recommendation [Dkt. No. 233] on the reasonableness of the attorney's fees requested by Defendant's State of Illinois and St. Clair County, Illinois. The court referred this matter to the Magistrate Judge for a Report and Recommendation following the issuance of the Omnibus Order that [Dkt. No. 181], in pertinent part, awarded the Defendants, State of Illinois and St. Clair County, Illinois, attorney's fees as a sanction against the Plaintiffs for severe and repeated misconduct. Magistrate Judge Snow held a hearing on the reasonableness of fees on October 22, 2025 [Dkt. No. 224]. As noted in the minutes from the hearing, the Plaintiffs and their attorneys, who are one and the same, entirely failed to appear. The Plaintiffs filed an objection to the Magistrate Judge's Report [Dkt. No. 237]. Because the Magistrate's Report and Recommendation is well supported by the evidence and prevailing legal authority, the Plaintiffs' objection is OVERRULED, and the Report and Recommendation is hereby AFFIRMED and ADOPTED as this Court's findings and Order.

1

## STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington* v. *Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

A party that files a timely objection is entitled to a de novo determination of those portions of the report or specified proposed findings or recommendations to which a specific objection is made. *United States* v. *Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle* v. *U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir.1987). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report objection is made, or where the objections are repetitive of the arguments already made to the magistrate-judge, a de novo review is unwarranted. *Id*. "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id*. (citing *Camardo* v. *Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original

papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

## ANALYSIS

Here, the Plaintiffs filed a thirty-page response to the Report and Recommendation [Dkt. No. 237] that, in addition to violating the ten-page limit for such responses set by the Magistrate Judge, entirely fails to raise any specific objection to the reasonableness of the fees as determined by Magistrate Judge Snow. Instead, the Plaintiffs rehash arguments already submitted to this court, along with unsubstantiated accusations of antisemitism. [Dkt. No. 237 at 20]. Plaintiffs object, in broad terms, to the imposition of sanctions. However, this question was not before the Magistrate Judge. The District Judge had already decided to impose sanctions. Magistrate Judge Snow's Report and Recommendation pertains only to the reasonableness of fees. The Plaintiffs raise no objections to his reasonableness determination. Accordingly, because no specific objections were filed, the court reviews the Report and Recommendation for clear error.

Upon clear error review, the Court determines that the Report and Recommendation is well supported by the evidence and prevailing legal authority, and it is hereby AFFIRMED and ADOPTED as this Court's findings and Order.

IT IS SO ORDERED on this 31st day of December, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**