# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

**LOWERY WILKINSON LOWERY, LLC ET AL,**

        **Plaintiffs,**

**v.**

        **Case No. 25-CV-22-RAW**

**STATE OF ILLINOIS, ET AL.,**

        **Defendants.**

## ORDER

Before the court is Non-Party Oklahoma Bar Association's Motion to Access Sealed Records and Brief in Support. [Dkt. No. 251]. Because it is unclear to the court which specific documents the Non-Party is seeking, the Motion is DENIED without prejudice.

The Office of the General Counsel of the Oklahoma Bar Association (OBA) requests intervention pursuant to Fed. R. Civ. P. 24 (b) for the purpose of obtaining access to sealed documents in this case. The OBA states that it is requesting these documents pursuant to its investigation and prosecution of attorney misconduct. The Plaintiff has filed a response opposing the OBA's request [Dkt. No. 252].

The OBA's Motion is procedurally proper as the court retains jurisdiction to adjudicate ancillary matters even while the case is on appeal.[1] *Lancaster* v. *Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998) (Although a notice of appeal generally divests a district court of

---

[1] Curiously, both the Non-Party and the Plaintiff incorrectly refer to this case as closed. However, on March 12, 2026, the Tenth Circuit Court of Appeals recalled its previous Mandate issued on February 5, 2026, and reinstated the appeal as to Plaintiff/Appellant Margaret Lowery. *See Lowery* v. *State of Illinois*, Nos. 2025- 7070 & 2026-7001 (10th Cir. App. March 12, 2026).

1

jurisdiction over the issues on appeal, the district court retains jurisdiction to consider certain collateral matters unrelated to the issues on appeal, such as an award of attorney's fees.) Additionally, nonparties seeking protected information should seek leave to intervene pursuant to Fed. R. Civ. P. 24 (b) to intervene for the purpose of obtaining sealed materials. *United Nuclear Corp.* v. *Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990). Allowing a party to intervene under Rule 24(b) is a matter within the district court's sound discretion. *Id.*

When this court considers whether to seal a document, it carefully weighs the arguments in favor of sealing against the public right of access as to each document. The public's right of access, while important, is not absolute. *JetAway Aviation, LLC* v. *Bd. of Cnty. Comm'rs of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014). Accordingly, the Court may, in its discretion, "'seal documents if the public's right of access is outweighed by competing interests.'" *Helm* v. *Kansas,* 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States* v. *Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). These principles are also reflected in Local Rule 79.1(a), which states: "It is the policy of this Court that sealed documents ... are disfavored. Sealed documents ... may be approved by the Court only upon a showing that a legally protected interest of a party, non-party, or witness outweighs the compelling public interest in disclosure of records." LCvR 79.1(a).

Thus, when deciding whether to seal or, in this case, unseal a particular document or filing, the court's reasoning is driven by each document's contents and the specific arguments for and against public access. Wholesale unsealing of all sealed documents in this case is not warranted by the arguments made in the OBA's motion. If the OBA believes that specific documents are necessary for its disciplinary proceeding, the court will need more information about which specific documents it wants. Then the court can properly reweigh the competing interest that counseled in favor of sealing the documents against the OBA's desire for access and the public's

interests.

Therefore, the Non-Party Oklahoma Bar Association's Motion to Access Sealed Records and Brief in Support is DENIED without prejudice. [Dkt. No. 251].

**IT IS SO ORDERED** on this 7th day of April, 2026.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**