### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

LOWERY WILKINSON LOWERY, LLC
ET AL,

        **Plaintiffs,**

**v.**                                              **Case No. 25-CV-22-RAW**

STATE OF ILLINOIS, ET AL.,

        **Defendants.**

### ORDER

Before the court is Plaintiffs' Motion to Vacate Orders [Dkt. No. 271]. This is the third motion Plaintiffs have filed seeking to vacate the Omnibus Order [Dkt. No. 181]. The first motion was filed on August 15, 2025 [Dkt. No. 183]. The second was filed on July 14, 2026 [Dkt. No. 268]. Both prior motions advance scandalous, inflammatory, and frivolous factual allegations and legal arguments that are repeated throughout the instant litigation. Additionally, since the court entered the Omnibus Order, the same Plaintiffs have pursued two separate appeals, each of which appears to essentially seek the same end of overturning this court's ruling as outlined in the Omnibus Order.  One appeal, *Lowery* v. *State of Illinois*, No. 25-7070 (10th Cir. App. Sept. 4, 2025) was dismissed for failure to prosecute on June 5, 2026. The Tenth Circuit Court of Appeals is currently entertaining the Plaintiff/ appellants' Motion to reinstate this appeal. Plaintiffs additionally filed a second appeal *Lowery* v. *State of Illinois*, No. 26-7037 (10th Cir. App. May 29, 2026), that is pending.

Rule 60 (b) relief is extraordinary and should only be granted in exceptional circumstances. *Scherer* v. *Hill*, 81 Fed. Appx. 995, 995 (10th Cir. 2003). In *Gonzalez* v. *Crosby*, the Supreme Court held that "Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Under Rule 60, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citing *Van Skiver* v. *United States,* 952 F.2d 1241, 1243 (10th Cir. 1991)).

The instant Motion is the Plaintiff's third motion to vacate pursuant to Fed. R. Civ. P. 60. In it, the Plaintiffs do not advance any arguments that suggest the exceptional relief offered by Rule 60 is warranted. Because the motion is meritless and duplicative, it is DENIED.

Additionally, in the interest of conserving scarce judicial resources, the court will not entertain any further motions to vacate while the appeals at the Tenth Circuit are still pending. Additional motions filed in this vein will therefore be stricken.

Dated this 12th day of August, 2026.

Ronald A. White
United States District Judge
Eastern District of Oklahoma